LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANTHONY ESCOBAR, TONAKIA MOSHA EVANS, and DIANNA ABRAMOVA, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

                Plaintiffs,

   v.

PRET A MANGER (USA) LIMITED,
and JOHN DOE CORPORATIONS 1-100,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, ANTHONY ESCOBAR, TONAKIA MOSHA EVANS, and DIANNA ABRAMOVA ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against PRET A MANGER (USA) LIMITED (the "Parent Defendant") and JOHN DOE CORPORATIONS 1-100 (the "Subsidiary Defendants") (each of the Parent Defendant and Subsidiary Defendants are individually referred to as a "Defendant" and collectively are referred to herein "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2)

1

unpaid compensation due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid compensation due to time shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiffs:

   a. ANTHONY ESCOBAR, is a resident of Bronx County, New York.

   b. TONAKIA MOSHA EVANS, is a resident of Bronx County, New York.

   c. DIANNA ABRAMOVA, is a resident of Suffolk County, New York.

6. PRET A MANGER (USA) LIMITED is a foreign business corporation doing business in New York State with a principle executive office located at 853 BROADWAY, 7TH FLOOR, NEW YORK, NEW YORK, 10003, and an address for service of process, located at C/O DAVIS & GILBERT LLP, ATTN: CURT C. MYERS, ESQ., 1740 BROADWAY, NEW YORK, NEW YORK, 10019.

7. Each of the Subsidiary Defendant is a corporation organized under the laws of the State of New York, with a principle place of business in New York City, and is 100% owned by the Parent Defendant, PRET A MANAGER (USA) LIMITED.

8. The above-named corporations operate as single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose. The Defendants operate a food services enterprise under the trade name "Pret A Manger."

9. Each of the above restaurants is advertised jointly, as a common enterprise at Defendants' website located at https://www.pret.com/en-us.

10. Under the tab "Find a Pret" at https://www.pret.com/en-us/pret-shops each location of the above restaurants is available for review.

11. Defendants' food services enterprise operates restaurants throughout New York, (as of the day of this Complaint, 49 locations in New York City) as well as stores in Chicago, Washington, D.C. and Boston.

12. Defendants' food services enterprise shares the same management team, HR department, financial department, marketing department, purchasing and operating departments.

13. Employees were freely interchangeable, food and other consumable products used in the business were freely interchangeable, and the various business operations are marketed as part of a single entity under the same name "Pret A Manger" (or Pret) with the same trade mark sign "The Pret Star." Each of the above restaurants uses the same support center, training center and technology systems.

14. Each employee of the above-named corporations is subject to the same training procedures and payroll practices.

15. Each of the above-named corporations is provided with same training manuals, policies and procedures.

16. All employees were paid by the same payroll methods and wage policies, and checks were paid by the same corporate entity PRET A MANGER (USA) LIMITED.

17. All employees were required to use the same smartphone application/website "Dayforce HCM" for access to their payment details.

18. At all relevant times, each of the Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including but not limited to team members, team member stars, baristas, team member trainers, kitchen team leaders, shop team leaders, front of the house leaders, team leaders) employed by Defendants in New York City on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

21. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiffs, FLSA Collective Plaintiffs proper compensation for the overtime worked due to the policy of time shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

23. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including but not limited to team members, team member stars, baristas, team member trainers, kitchen team leaders, shop team leaders, front of the house leaders, team leaders) employed by Defendants in New York City on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, because the facts on which the calculation of that number

rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failure to properly compensate Plaintiffs and class members for the overtime worked (ii) implementing the policy of time shaving; (iii) failure to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

c)    Whether Defendants failed to keep true and accurate time records for all hours worked by the Class Members;

d)    Whether Defendants failed to pay Class members compensation for all of the hours they worked;

e)    Whether Defendants caused Class members to work off-the-clock in violation of applicable New York Labor Laws;

f)    Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

g)    Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

h)    Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

i)    Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law.

## STATEMENT OF FACTS

31. Plaintiffs:

   a. *Anthony Escobar*

32. In or about August 2015, ANTHONY ESCOBAR, was hired to work as a team member (food preparer) for Defendant's "Pret A Manger" store, located at 389 5th Avenue, New York, NY 10016. Plaintiff, was discharged on or about March 2017.

33. From in or about September 2015 until in or about June 2016 Plaintiff was also a member of the "A team" (team of employees that was supposed to back up all "Pret" stores in case the regular staff of the stores will call in sick). Being a member of the "A team" Plaintiff also worked at various other "Pret" stores, including those located at:

- 1 Penn Plaza, New York, NY 10119;
- 2 Pennsylvania Plaza Penn station lower level, New York, NY 10001;
- 400 Park Avenue South, New York, NY 10016;
- 1020 6th Avenue, New York, NY 10018;
- 265 Madison Avenue, New York, NY 10016;
- 30 Rockefeller Center Concourse level, New York, NY 10012;
- 1071 6th Avenue, New York, NY 10018;
- 342 7th Avenue, New York, NY 10001.

34. During the employment of Plaintiff, ANTHONY ESCOBAR, by Defendants, he typically worked 43 hours per week, on average 8.6 hours per day, for 5 days a week. Despite the fact that his scheduled shift was from 4 a.m. to 12 p.m., 5 days a week and Plaintiff usually worked in excess of those scheduled hours he was only paid for 40 hours a week.

35. Among all instances that Plaintiff ANTHONY ESCOBAR was required to work 3 hours past his scheduled time, up until 3 p.m. but was compensated only for hours of his scheduled shift from 4 a.m. to 12 p.m.

36. Defendants automatically deducted 30 minutes for a lunch break, despite the fact that Plaintiff would be able to get only 10-15 minutes of his lunch break before he was required to go back to work by his managers Justine [LNU], Monic [LNU] or Franklin [LNU]. What is

more, on multiple occasions Plaintiff worked through the lunch break, but 30 minutes were still deducted from his pay.

37. From the beginning of his employment in August 2015, until January 2016 Plaintiff ANTHONY ESCOBAR was paid $10.75 per hour, straight time for all hours he worked. Starting January 2016 until December 2016 Plaintiff was paid $11 per hour, straight time for all hours worked, from January 2017 until the end of his employment on or about March 2017 Plaintiff ANTHONY ESCOBAR was paid $12 per hour, straight time for all hours worked. Plaintiff was paid weekly, every Friday, by check.

38. Plaintiff ANTHONY ESCOBAR, complained on multiple occasions to his supervisors, managers and team leaders Justine, Monic and Franklin about the time shaving and his wages but they never took any actions with regard to Plaintiff's complains. What is more, Justine herself continuously interfered with the biometrical punch clock machine to cut down hours Plaintiff, FLSA Collective Plaintiffs and Class members worked.

   b. *Tonakia Mosha Evans*

39. In or about June 2016, TONAKIA MOSHA EVANS was hired to work as a team member star, team member (food preparer) for Defendant's "Pret A Manager" various stores. Plaintiff, was discharged on or about May 9, 2017.

40. Throughout her employment TONAKIA MOSHA EVANS worked at the following stores:
   - At the beginning of her employment, in or about June 2016, TONAKIA MOSHA EVANS was attending training and working at the "Pret" store located at: 299 7th Avenue, New York, NY 10001 for 2 months, until on or about August 2016.

- From on or about August 2016, until on or about December 2016, TONAKIA MOSHA EVANS was a team member at "Pret" located at 1 Penn Plaza, New York, NY 10119, before she was relocated in or about December 2016.

- From in or about December 2016 until the end of her employment on or about May 9, 2017 TONAKIA MOSHA EVANS worked as a team member star at the "Pret" store located at 1 Astor Place, New York, NY 10003.

41. During the employment of Plaintiff, TONAKIA MOSHA EVANS by Defendants, she typically worked 45 hours a week, from 5 a.m. to around 2 p.m., 5 days a week.

42. On multiple occasions, Plaintiff worked through the lunch break and noticed that 30 minutes were automatically deducted from her pay. She relayed these concerns to her coworkers Diana and Niva, who worked at "Pret" store located at 1 Astor Place, New York, NY 10003. They both told Plaintiff, that it is a regular practice for "Pret" to automatically deduct time for the lunch break and that 30 minutes daily are deducted for everyone.

43. Throughout her employment, Plaintiff TONAKIA MOSHA EVANS was paid $12 per hour, straight time for all hours she worked. Occasionally, Plaintiff would also get a "mystery shopper" bonus, equal to $13. Plaintiff was paid weekly, every Friday, by check.

   c. *Dianna Abramova*

44. In or about February 2016, DIANNA ABRAMOVA was hired to work as a team member (food preparer) for Defendant's "Pret A Manager" store, located at 60 Broad Street, New York, NY 10004. Plaintiff, was discharged on or about April 2016.

45. During the employment of Plaintiff, DIANNA ABRAMOVA by Defendants, she typically worked 47.5 hours a week. Her scheduled hours were from 6:30 a.m. until 3:00 p.m., 5 days a week. However, Plaintiff DIANNA ABRAMOVA was required to come in an hour earlier at

5:30 a.m. to prepare the store for the opening. At the same time, her manager, Wang would not allow her to clock in until her scheduled shift.

46. In addition, Plaintiff's manager Wang would require Plaintiff DIANNA ABRAMOVA and other non-managerial employees of the store to clock out and continue working if he would see that their hours were reaching (40) hours a week in order to achieve better staffing efficiency and not compensate Plaintiff DIANNA ABRAMOVA, FLSA Collective Plaintiffs and Class members for the overtime hours worked.

47. Throughout her employment, Plaintiff DIANNA ABRAMOVA was paid $ 10.75 per hour, straight time for all hours worked. Occasionally, Plaintiff would also get a "mystery shopper" bonus, equal to $13. Plaintiff was paid weekly, every Friday, by check.

48. Other non-exempt employees in all "Pret" locations worked similar hours, and were provided similar compensation.

49. Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

50. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

51. Defendants automatically deducted 30 minutes for a lunch break, despite the fact that Plaintiffs, FLSA Collective Plaintiffs and Class Members regularly worked through the lunch break. In addition, Defendants deducted hours that Plaintiffs, FLSA Collective Plaintiffs and Class Members worked in excess of their scheduled shift. When Plaintiffs and other non-exempt employees of "Pret" would get the chance to get a lunch break, their lunch time never lasted the proper 30 minutes; they were always required to get back to their work stations after

        10-15 minutes of the break or would be required to continue working after they clocked out for lunch but 30 min would be still deducted. 30 minutes would also be deducted even if Plaintiffs and other non-managerial employees of "Pret" would not take a break at all.

52. Plaintiffs, FLSA Collective Plaintiffs and Class members were required to change in to their uniform and start working before their scheduled time, but were allowed to clock in only at the time listed as the beginning of their shifts. At the end of the work day Plaintiffs, FLSA Collective members and Class members were required to clock out at the end of their scheduled shifts but frequently would continue working after clocking out.

53. Defendants knowingly and willfully operated their business with a policy and practice of refusing to pay Plaintiffs, FLSA Collective Plaintiffs and Class Members for their hours worked due to time shaving. As stated above, it was a regular practice of managers at various stores in order to obtain better staffing efficiency of the Plaintiffs, FLSA Class Members and the Class to not compensate them for all their hours worked. Managers constantly interfered with the biometrical system to not compensate their employees for hours worked beyond their scheduled shifts and hours in excess of forty (40) hours per work week. In addition, managers regularly required Plaintiffs, FLSA Collective Plaintiffs and Class Members to clock out and continue working off the clock if their work hours were in excess of forty (40) hours per work week.

54. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Particularly, Defendants purposefully misstated Plaintiffs' and Class members' hours worked.

55. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

56. Plaintiffs reallege and reaver Paragraphs 1 through 55 of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

58. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

59. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

60. At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for off the clock work due to a policy of time shaving.

61. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

62. At all relevant times, Defendants were engaged in the practice of time shaving, failing to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked.

63. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

64. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

65. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

66. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

67. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid compensation due to time shaving plus an equal amount as liquidated damages.

68. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

69. Plaintiffs reallege and reaver Paragraphs 1 through 68 of this class and collective action Complaint as if fully set forth herein.

70. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

71. At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiffs and Class members for off the clock work due to a policy of time shaving.

72. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73. Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

74. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

75. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

76. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid minimum wages and overtime wages for off the clock hours worked due to time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d) An award of liquidated and/or punitive damages for failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and time shaving pursuant to the New York Labor Law;

f) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h) Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i) Designation of this action as a class action pursuant to F.R.C.P. 23;

j) Designation of Plaintiffs as Representatives of the Class; and

k) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: July 11, 2017

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

                By:         */s/ C.K. Lee*
                                C.K. Lee, Esq. (CL 4086)