UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

ANTHONY ESCOBAR, TONAKIA MOSHA
EVANS, and DIANNA ABRAMOVA, on
behalf of themselves, FLSA Collective
Plaintiffs and the Class,

                                Plaintiffs,         17-CV-05227 (VSB)

                   v.                      **ECF Case**

PRET A MANGER (USA) LIMITED, and
JOHN DOE CORPORATIONS 1-100,

                            Defendants.

------------------------------------------------------ X

## ANSWER

      Pret A Manger (USA) Limited ("Pret" or "Defendant")[1] for its Answer to the First Class

and Collective Action Complaint ("Complaint") of Plaintiffs Anthony Escobar ("Escobar"),

Tonakia Mosha Evans ("Evans"), and Dianna Abramova ("Abramova")  (collectively,

"Plaintiffs"), states as follows:

## INTRODUCTION

      1.      Defendant admits that Plaintiffs purport to bring this suit under the Fair Labor

Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and that they allege they are entitled to

recover various types of relief.  Defendant denies that Plaintiffs are entitled to any relief

whatsoever and denies the remaining allegations in Paragraph 1.

      2.      Defendant admits that Plaintiffs purport to bring this suit under the New York

Labor Law ("NYLL") and that they allege they are entitled to recover various types of relief.

---

[1] Plaintiffs' Complaint fails to allege facts that would allow Pret to identify "John Doe Corporations 1-100," and thus Pret answers only on its own behalf and not on behalf of John Doe Corporations 1-100.

Defendant denies that Plaintiffs are entitled to any relief whatsoever and denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      Defendant admits that this Court has subject matter jurisdiction over this action. Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant admits that venue in the Southern District of New York is proper. Defendant denies any remaining allegations in Paragraph 4.

## PARTIES

5.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' residences, and therefore denies those allegations. Defendant denies any remaining allegations in Paragraph 5a-c.

6.      Defendant admits that Defendant is a foreign business corporation under the laws of the State of New York, that its main office is currently located at 853 Broadway, 7th Floor, New York, New York 10003, and that an address for service of process on Defendant is C/O Davis & Gilbert LLP, Attn: Curt C. Myers, Esq., 1740 Broadway, New York, New York 10019. Defendant denies any remaining allegations in Paragraph 6.

7.      Defendant states that Plaintiffs have failed to sufficiently identify John Doe Corporations 1-100 and therefore denies the allegations in Paragraph 7.

8.      Pret admits that it operates restaurants under the trade name "Pret A Manger." Defendant denies the remaining allegations in Paragraph 8.

9.      Pret admits that it advertises its restaurants on its website.  Defendant denies the remaining allegations in Paragraph 9.

10.     Pret admits that a list of its restaurants in the United States may be found at the internet address https://www.pret.com/en-us/pret-shops. Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant admits that it operates a business using the name "Pret A Manger" and that it has a support center that supports certain aspects of its operations.  Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Defendant admits that Plaintiffs purport to bring this action as a collective action pursuant to Section 16(b) of the FLSA.  Defendant denies that this action may be maintained as a collective action and denies the remaining allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

23.     Defendant admits that Plaintiffs purport to bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendant denies that this action may be maintained as a class action and denies the remaining allegations in Paragraph 23.

24.     Defendant admits that Plaintiffs define an alleged "Class."  Defendant denies that this action may be maintained as a class action and denies the remaining allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies that this action may be maintained as a class action and therefore denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

### STATEMENT OF FACTS

31.     Defendant admits that Escobar is a named Plaintiff in this action and denies any remaining allegations in Paragraph 31.

32.     Defendant admits that it hired Escobar as a team member on September 14, 2015 and  that Escobar worked at Defendant's 389 5th Avenue, New York shop. Defendant admits that Plaintiff was discharged on March 23, 2017.  Defendant denies the remaining allegations in Paragraph 32.

33.     Defendant admits that, while a Pret employee, Escobar was a member of the A Team and worked at Pret shops located at 1 Penn Plaza, New York, 400 Park Avenue South, New York, NY, 1020 6th Avenue, New York, NY, 265 Madison Avenue, New York, NY, 1071 6th Avenue, New York, NY, and 343 7th Avenue, New York, NY.  Defendant denies the remaining allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant admits that Escobar was paid weekly by check on Fridays and denies the remaining allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant admits that it hired Evans as a team member on June 27, 2016 and that her employment was terminated on May 10, 2017. Defendant denies any remaining allegations in Paragraph 39.

40.     Defendant admits that Evans worked at the 299 7th Avenue shop from the beginning of her employment until approximately August 8, 2016; at the 2 Pennsylvania Plaza shop from approximately August 8, 2016 to on or around August 14, 2016; at the 1 Penn Plaza, Lower level ("Penn LIRR") shop from approximately August 15, 2016 to November 10, 2016, and at the 1 Astor Place shop from approximately November 11, 2016 until the end of her employment. Defendant denies any remaining allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant admits that Evans was paid weekly on Fridays and denies the remaining allegations in Paragraph 43.

44.     Defendant admits that Abramova was hired as a team member on February 12, 2016, that Abramova worked at the 60 Broad Street, New York restaurant, and that Abramova was discharged on April 18, 2016.  Defendant denies any remaining allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant admits that Abramova was paid weekly by check on Fridays and denies the remaining allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant admits that Plaintiffs are represented by the Lee Litigation Group, PLLC in this action.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies them.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

56.     In response to Paragraph 56, Defendant states that its responses to Paragraphs 1 through 55 are incorporated herein as if fully set forth.

57.     Defendant states that the allegations in Paragraph 57 represent legal determinations that are not subject to admission or denial.  Defendant denies any allegations in Paragraph 57 for which a response is required.

58.     Defendant admits that it employed Plaintiffs and denies the remaining allegations in Paragraph 58.

59.     Defendant admits that its gross annual revenue has exceeded $500,000 from 2014 to the present.  Defendant denies any remaining allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant admits that it has records of the number of hours worked by Plaintiffs and the compensation paid to Plaintiffs.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' intent and therefore denies them.  Defendant denies the remaining allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies that Plaintiffs or any other individuals are entitled to any relief whatsoever and denies the remaining allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies that Plaintiffs or any other individuals are entitled to any relief whatsoever and denies the remaining allegations in Paragraph 68.

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

69.     In response to Paragraph 69, Defendant states that its responses to Paragraphs 1 through 68 are incorporated herein as if fully set forth.

70.     Defendant admits that it employed Plaintiffs but denies that there are any individuals similarly situated to Plaintiffs and therefore denies the allegations in Paragraph 70. Defendant denies any other allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.    Defendant denies the allegations in Paragraph 74

75.    Defendant denies the allegations in Paragraph 75.

76.    Defendant denies that Plaintiffs or any other individuals are entitled to any relief whatsoever and denies the remaining allegations in Paragraph 76.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs or any other individuals are entitled to the relief requested in Paragraphs (a)-(k) in the Prayer for Relief on pages 17 of the Complaint or any other relief whatsoever.

Defendant denies each and every allegation in the Complaint that Defendant does not specifically admit in this Answer.

## JURY DEMAND

In response to the jury trial demand on page 18 of the Complaint, Defendant states that whether Plaintiffs' claims entitle them to a trial by jury constitutes a legal determination that is not subject to admission or denial.

## DEFENSES

Without assuming any burden of proof they would not otherwise bear, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiffs and any individuals whom Plaintiffs seek to represent have failed, in whole or in part, to state a claim(s) upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiffs' claims and the claims of any individuals whom they seek to represent are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA and New York law.

## THIRD DEFENSE

Some or all of Plaintiffs' claims and the claims of any individuals whom they seek to represent are barred, in whole or in part, by release.

## FOURTH DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that it was in compliance with the FLSA and NYLL.

## FIFTH DEFENSE

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seeks to represent are barred to the extent that they qualified for any applicable exemption to FLSA or NYLL overtime requirements.

## SIXTH DEFENSE

Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined potential opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

## SEVENTH DEFENSE

Plaintiffs' attempt to pursue this case as a collective action or class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in/class member and each of Defendant's defenses is required.

## EIGHTH DEFENSE

Plaintiffs are not entitled to class action certification under Fed. R. Civ. P. 23 because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

**NINTH DEFENSE**

Plaintiffs' attempt to pursue this case as a collective and/or class action violates Defendant's constitutional right to due process.

**TENTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception.

**ELEVENTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred as to all hours of alleged work of which Pret lacked actual or constructive knowledge.

**TWELFTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred as to all hours during which Plaintiffs or other individuals were engaged in activities that were preliminary or postliminary to their principal activities.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors and/or failed to avail themselves of complaint reporting mechanisms.

**FOURTEENTH DEFENSE**

Any state law claims of Plaintiffs or any individuals whom Plaintiffs seek to represent fail to the extent that they are superseded or preempted by the FLSA.

## FIFTEENTH DEFENSE

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

## SIXTEENTH DEFENSE

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTEENTH DEFENSE

The claims of Plaintiffs and any individuals whom Plaintiffs seek to represent are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, off-set, unclean hands, payment and lack of standing.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, because they failed to demand payment.

## NINETEENTH DEFENSE

Plaintiffs' Complaint fails to allege specific facts that would aid in identifying John Doe Corporations 1-100 so as to permit Pret to prepare a defense, and is therefore inadequately pled under Fed. R. Civ. P. 8(a).

## TWENTIETH DEFENSE

John Doe Corporations 1-100 are not proper parties.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims and the claims of any individuals Plaintiffs seek to represent for the alleged failure to provide accurate and complete wage notices and wage statements as required by Section 195 of the New York Labor Law are barred because Pret made complete and timely payment of all wages due.

## **TWENTY-SECOND DEFENSE**

Plaintiffs' claims and the claims of any individuals Plaintiffs seek to represent regarding Defendant's alleged failure to provide wage notices other than at the time of hire are barred because there is no private cause of action for such claims and/or annual notices were not required.

Defendant reserves the right to amend this Answer and add additional defenses as discovery may warrant.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Complaint with prejudice and award Defendant its costs and attorneys' fees.

Dated:  September 26, 2017
New York, New York

Respectfully submitted,


s/ Kristina A. Yost
_____

Michael J. Gray (*pro hac vice* motion to be
filed)
JONES DAY
77 West Wacker
Chicago, Illinois  60601-1692
Tel: 312.782.3939
Fax: 312.782.8585
mjgray@jonesday.com

Kristina A. Yost
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: 212.326.3939
Fax: 212.755.7306
kyost@jonesday.com

*Attorneys for Defendant Pret A Manger
(USA) Limited*