# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTHONY ESCOBAR, TONAKIA MOSHA
EVANS, and DIANNA ABRAMOVA, on behalf of
themselves, FLSA Collective Plaintiffs and the Class,

                           Plaintiff,

         v.                                                    No. 17 Civ. 05227 (VSB)

PRET A MANGER (USA) LIMITED, and JOHN
DOE CORPORATIONS 1-100,

                           Defendants.

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR AN
ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND
COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO
PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3)
DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE
CLASS, and (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

I, C.K. Lee, declare as follows:

1.      I am a partner in the firm of the Lee Litigation Group, PLLC ("LLG") in New
York, New York, and Plaintiffs' counsel herein.  I respectfully submit this declaration in support
of Plaintiffs' motion requesting the Court to: (1) grant preliminary approval of the Global
Settlement Agreement ("Settlement Agreement) attached as Exhibit A hereto, (2) conditionally
certify the settlement class under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. §
216(b), (3) approve the proposed Notice of Class Action Settlement ("Proposed Notice"),
attached as Exhibit B to the Settlement Agreement, (4) approve Plaintiffs' proposed schedule for
final settlement approval and set a date for the Fairness Hearing and related dates, and (5)
appoint LLG as Class Counsel ("Class Counsel") for the settlement class.

2.      I am the lawyer primarily responsible for prosecuting Plaintiffs' claims on behalf
of the proposed class.

3.      I make these statements based on personal knowledge and would so testify if

called as a witness before the Court.

**My Background and Experience**

4.      I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture.  I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997.  I was admitted to the New York bar in 1998.  I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars.  I have served as lead counsel in numerous wage and hour class and collective actions.

5.      Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

6.      Since April 2009, a substantial part of my practice is engaged in prosecuting wage and hour class and collective action cases.

7.      I have been appointed as lead counsel in several wage and hour cases that district courts have certified as class actions and/or collective actions including *Santana, et al. v. Fishlegs LLC, et al*., No. 13 Civ. 1628 (S.D.N.Y. 2016); *Perez v. Dos Toros, LLC, et al*., No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al*., No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp*., *et al*., No. 12 Civ. 7452 (S.D.N.Y. 2014); *Romero v. La Revise Associates LLC, et al.*, No. 12 Civ. 8324 (S.D.N.Y. 2014); *Sanjaya v. Inakaya USA, Inc*., No. 12 Civ. 4500 (S.D.N.Y. 2012); *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y. 2012); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y. 2012); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y. 2012); and *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y. 2012), among others.

8.      Courts have repeatedly found LLG to be adequate class counsel in wage and hour class actions. *See Santana, et. al. v. Fishlegs LLC, et al*., No. 13 Civ. 1628 (S.D.N.Y. 2016); *Perez v. Dos Toros, LLC, et al*., No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al*., No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp., et al.,* No. 12 Civ. 7452 (S.D.N.Y. April 30, 2014*) citing Hernandez v. Anjost Corp.,* No. 11 Civ. 1531, 2013 WL 4145952.

**Nature of Plaintiffs' Claims**

9.      Plaintiffs and Class Members allege that Defendants (i) failed to pay non-exempt employees for all hours they worked, including overtime applicable overtime pay, due to a purported policy of time shaving; (ii) failed to meet the New York Labor Law's requirement on wage statements and wage and hour notices.

**Investigation and Discovery**

10.      Before filing the Complaint, Plaintiffs' Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

11.      LLG had in-depth interviews with the named Plaintiffs and Declarant. LLG also obtained documents and data from the named Plaintiffs that helped evaluate the risks of the case.

12.      Discovery in this case has consisted of reviewing and analyzing documentation produced by Defendant, including wage and hour policies, personnel files, wage statements (pay stubs), and wage notices for the three named Plaintiffs, as well as class-wide data containing, among other things, potential class member employment dates, job titles, and pay rates. Such documents were analyzed to calculate the damages owed to the named Plaintiffs and the Class Members.

13.      Plaintiffs' Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

**Settlement Negotiations**

14.      In or about January 2018, the parties began to discuss mediation. The parties agreed to engage in private mediation session overseen by Stephen Sonnenberg, Esq.

15.      Plaintiffs submitted a detailed mediation statement that explained the claims, noted Defendant's vulnerabilities, acknowledged risk, and explained the damage calculations.

16.      On May 2, 2018, the Parties engaged in an 11-hour in-person mediation with Stephen Sonnenberg, Esq., a highly respected mediator experienced in resolving complex employment disputes who is currently affiliated with JAMS.

17.      The parties reached a settlement in principle and entered into a Term Sheet and, during the weeks thereafter, continued negotiating the terms of the class settlement, which was memorialized in the formal Settlement Agreement. (*See* Exhibit A.)

18.     At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Settlement Agreement**

19.     A true and correct copy of the parties' Settlement Agreement is attached as **Exhibit A**.  The Settlement Agreement provides that:

20.     Under the Settlement Agreement, the class will include all current and former employees of Pret who worked for Pret in the state of New York in a Covered Position (team member, team member star, barista, team member trainer, kitchen team leader, shop team leader, team leader, assistant manager, assistant manager in-training, manager-in-training or any other hourly, non-exempt store-based position) at any time from March 29, 2014 to the date of entry of the Order granting preliminary approval.

21.     Under the Agreement, all class members will opt-in to the Fair Labor Standards Act ("FLSA") collective action by signing, negotiating, depositing or cashing their settlement checks, which contain opt-in acknowledgment language.

22.     There are approximately 7,800 Class Members in this case.

**Claims Administration**

23.     The Claims Administrator will be Rust Consulting, a third-party administration company.

24.     The Claims Administrator's fees will be paid out of the Settlement Fund.

25.     Attached as **Exhibit B** to the Settlement Agreement is the proposed Notice of Class Action Settlement ("Proposed Notice").


I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: June 18, 2018
New York, New York


By:     /s/ C.K. Lee
C.K. Lee (CL 4086)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Telephone:  212-465-1188