UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
ANTHONY ESCOBAR, TONAKIA
MOSHA EVANS, and DIANNA
ABRAMOVA, on behalf of themselves,
FLSA Collective Plaintiffs, and the Class,

                              Plaintiffs,

                 -against-

PRET A MANGER (USA) LIMITED, and
JOHN DOE CORPORATIONS 1-100,

                              Defendants.
------------------------------------------------------- X

17-CV-5227 (VSB)

**[PROPOSED] AMENDED ORDER**

Appearances:

Anne Melissa Seelig
C.K. Lee
Lee Litigation Group, PLLC
New York, New York
*Counsel for Plaintiffs*

Michael J. Gray
Jones Day
Chicago, IL

Kristina Ann Yost
Jones Day
New York, New York
*Counsel for ~~Defendants~~Defendant*

VERNON S. BRODERICK, United States District Judge:

         Plaintiffs Anthony Escobar, Tonakia Mosha Evans, and Dianna Abramova ("Plaintiffs" or "Named Plaintiffs"), and Defendant Pret a Manger (USA) Ltd. ("Pret" or "Defendant") have settled this wage and hour class and collective action for $875,000. Plaintiffs request that the Court (1) grant preliminary approval of the Global Settlement Agreement (the "Settlement Agreement"); (2) conditionally certify the settlement class; (3) appoint the Lee Litigation Group

PLLC as class counsel; (4) approve the Notice of Proposed Settlement and Class Action Lawsuit and Fairness Hearing (the "Notice"); and (5) approve Plaintiffs' proposed schedule for final settlement approval and set a date for the Fairness Hearing and related dates.  Defendant does not oppose this motion.  For the reasons set forth herein, Plaintiffs' unopposed motion is GRANTED.

## I. Factual and Procedural Background

Plaintiffs filed a class and collective action complaint on July 11, 2017.  (Doc. 1.)  The Complaint asserts collective and class action claims against Defendant.  Specifically, Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Labor Law §§ 650, *et seq*.  Specifically, Plaintiffs allege that Defendant failed, among other things, to pay them and other non-exempt employees for all of the hours they worked—including hours worked over forty—through the use of time-shaving, and providing inaccurate wage statements and wage notices.

On September 26, 2017, Defendant filed its Answer to the Complaint.  (Doc. 12.)  On December 29, 2017, Plaintiffs filed a motion for conditional collective certification, (Doc. 28).  Thereafter, the parties began to discuss the possibility of class settlement, and on May 2, 2018, participated in a private mediation with Stephen Sonnenberg, Esq. of JAMS,[1] in an attempt to reach a settlement on a class-wide basis.  With the assistance of the mediator, the parties were able to reach such a settlement.  On June 18, 2018, Plaintiffs filed the instant unopposed motion for preliminary approval of class settlement, (Doc. 48), and supporting materials, (Docs. 49–51).

---

[1] JAMS, formerly known as Judicial Arbitration and Mediation Services, Inc., is a for-profit organization that provides alternative dispute resolution services.  See JAMS, About Us, https://www.jamsadr.com/about-jams (last visited Sept. 13, 2018).

**II.       Discussion**

        **A.       *Preliminary Approval of the Class Settlement***

District courts have discretion to approve proposed class action settlements.  *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Exec. Ass'n E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

Having reviewed Plaintiffs' submissions, including the proposed Settlement Agreement, (Lee Decl., Ex. A),[2] I conclude that the Settlement Agreement is the result of substantial investigative efforts, arm's length negotiations, and the assistance of a neutral mediator, and that

---

[2] "Lee Decl." refers to the Declaration of C.K. Lee in Support of Plaintiffs' Motion for an Order Conditionally Certifying Settlement Class and Collection Action, filed on June 19, 2018.  (Doc. 51.)

the terms are within the range of possible settlement approval.  Therefore, I preliminarily approve the Settlement Agreement.

### B.  *Conditional Certification of the Proposed Rule 23 Class*

I provisionally certify for settlement purposes the following settlement class under Federal Rule of Civil Procedure 23(e): All current and former employees of Pret who worked for Pret in New York in a Covered Position (as a team member, team member star, barista, team member trainer, kitchen team leader, shop team leader, team leader, assistant manager, assistant manager-in training, manager-in-training or any other hourly non-exempt non-management store-based position) at any time from March 29, 2014 to the date of entry of this Order (the "Settlement Class").

The Settlement Class satisfies Rule 23(a)'s four requirements of numerosity, commonality, typicality, and adequacy of representation, as well as one element of Rule 23(b), and Defendant does not dispute for settlement purposes that the Settlement Class meets all of the requirements for class certification.  (*See* Pls.' Mem. 16 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.27 (5th ed.) ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only."); *Cty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1424–25 (E.D.N.Y. 1989) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class . . . .  The actual certification of the class in these circumstances often occurs after the hearing on the fairness of the proposed settlement and simultaneously with the approval of the settlement.")[3].  The Settlement Class has approximately 7,800 members,

---

[3]  "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion for an Order Conditionally Certifying Settlement Class and Collective Action, filed on June 18, 2018.  (Doc. 49.)

(Lee Decl. ¶ 22), and can therefore be presumed sufficiently numerous, *cf. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (noting that "numerosity is presumed at a level of 40 members"); joinder would be impractical given the relative size of the claims at issue and modest financial resources of the class members; and judicial economy favors avoiding individual actions, particularly where the defendant is amendable to a class settlement. The Named Plaintiffs and putative class members share common issues of fact and law, including whether Defendant failed to pay them for all hours worked (including overtime) and failed to provide them with wage statements and wage notices in conformity with New York law. Similarly, Plaintiffs' claims are typical of the members of the Settlement Class.  There is nothing to suggest that Plaintiffs' interests are antagonistic to those of the other class members.  Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because "class adjudication . . . will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918, at *2 (internal quotation marks omitted).[4]

### C.     *Designation of the Class as An FLSA Collective Action*

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair.  Accordingly, the Court conditionally certifies the Class as an FLSA collective action.  The Court authorizes the Notice (attached as Exhibit B to the Settlement Agreement) to be mailed to potential members of the FLSA

---

[4]     If, for any reason, the Settlement Agreement ultimately does not become effective, this Amended Order conditionally certifying the Rule 23 settlement class and conditionally certifying an FLSA collective action for settlement shall be vacated, and, as more fully provided in the Settlement Agreement,  neither the fact of such certification nor the findings made herein shall be of any effect in this or in any other case.

collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit, and authorizes the opt-in process described in the Settlement Agreement and the Notice.

### ~~C.~~D.   *Appointment of Class Counsel*

In addition, I appoint Plaintiffs' counsel, Lee Litigation Group PLLC, as class counsel. Rule 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Based upon the investigations done by Lee Litigation Group PLLC of the facts and issues related to this case, (Lee Decl. ¶¶ 10–12), their efforts in litigating, negotiating, and settling this case, (*id.* ¶¶ 13–18), and their prior work as class counsel in similar cases in this Circuit, *see, e.g.*, *Viafara v. MCIZ Corp.*, No. 12 Civ. 7452(RLE), 2014 WL 1777438, at *3 (S.D.N.Y. May 1, 2014) (finding Lee Litigation Group "well qualified" to represent the class), I conclude that Lee Litigation Group PLLC meets the requirements of Rule 23(g).

### ~~D.~~E.   *Approval of Class Notice*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  After review, I conclude that the Notice proposed by the parties, (Lee Decl., Ex B.), constitutes the best notice practicable under the circumstances and meets the requirements of due process.  The Notice also satisfies all of the seven elements of Rule 23(c)(2)(B) identified above.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion, (Doc. 48), is GRANTED.  I hereby set the following settlement procedure:

(1) Within 30 days of the date of this Order, the Notice shall be mailed to the Settlement Class.

(2) Settlement Class members will have 45 days from the date the Notice is mailed to opt out of the Settlement Agreement or object to it.

(3) Plaintiffs shall file a motion for final approval of the Settlement Agreement no later than 15 days before the fairness hearing.

(4) The Court will hold a final fairness hearing on ~~January 18,~~ _____, 2019 at ~~11:00 a.m.~~ _____ in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

(5) The parties shall abide by all terms of the Settlement Agreement.

The Clerk of Court is respectfully directed to close the open motions at Docket Numbers 28 and 48.

SO ORDERED.

Dated: ~~September 28,~~October ____, 2018
       New York, New York

                                        _/s/ Vernon Broderick_____
                                        Vernon S. Broderick
                                        United States District Judge