UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
ANTHONY ESCOBAR, TONAKIA )
MOSHA EVANS, and DIANNA )
ABRAMOVA, on behalf of themselves, )
FLSA Collective Plaintiffs and the Class, )
                                               Plaintiffs, )        17-CV-05227 (VSB)
)
                        v. )
)
PRET A MANGER (USA) LIMITED, and )
JOHN DOE CORPORATIONS 1-100, )
)
                                 Defendants. )
------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/14/2019__

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, FINAL CLASS CERTIFICATION AND COLLECTIVE ACTION DESIGNATION, AND APPROVAL OF THE CLASS AND INDIVIDUAL RELEASES, AND PLAINTIFFS' MOTIONS FOR APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

       The Parties entered into a settlement totaling $875,000.00 on June 18, 2018 in a Global Settlement Agreement (hereinafter "Settlement" or "Agreement") and filed for preliminary approval of the settlement on the same date. Decl. of C.K. Lee in Supp. of Pls.' Mot. for Final Approval of the Class Action Settlement, Final Class Certification and Collective Action Designation, and Approval of the Class and Individual Releases ("Lee Decl.") ¶ 13.

       On September 28, 2018, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 52. On October 18, 2018, upon Defendant's Motion to Amend/Correct the Preliminary Approval Order

(Docket No. 54) the Court entered an Amended Order conditionally certifying the settlement class, designating an FLSA collective action, appointing Lee Litigation Group, PLLC as Class Counsel, and authorizing notice to all Class Members (the "Amended Preliminary Approval Order"). Docket No. 56.

On January 28, 2019, Plaintiffs filed a Motion for Final Approval of the Class Action Settlement, Final Class Certification and Collective Action Designation, and Approval of the Class and Individual Releases ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The Court held a fairness hearing on February 12, 2019.

Having considered the Motion for Final Approval, and the supporting declarations, the oral argument presented at the February 12, 2019 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the February 12, 2019 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in Section II.B of the Amended Preliminary Approval Order and the absence of any objections from Class Members to such certification.

4. Pursuant to § 29 U.S.C. 216(b), the Court confirms as final its certification of the Class as an FLSA collective action for purposes of settlement based on its findings in Section II.C of the Amended Preliminary Approval Order.

5. The Court confirms the appointment of Plaintiffs Anthony Escobar, Tonakia Mosha Evans, and Dianna Abramova as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. If, for any reason, this Order and the Final Judgment entered concurrently herewith do not become Final, this Order certifying the Class under Rule 23 and granting final collective action designation under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; Defendant shall have no obligation to make any payments provided for in the Agreement; the Agreement shall be deemed null and void; Defendant's agreement not to oppose certification of the settlement class shall be null and void in its entirety; this Order and any other Court Orders, and/or settlement negotiations shall not be cited to, used in, or admissible in any proceedings with respect to any issues therein; the lawsuit will proceed as if the Agreement had not been executed; and none of the information provided by Defendant for the purposes of settlement negotiations or approval shall be used in the lawsuit.

8. The Court finds that the Class Notice and Opt-Out Statement given to Class Members pursuant to the Amended Preliminary Approval Order constituted the best notice

practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Amended Preliminary Approval Order. A list of Class Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

12. The Court specifically finds that the class' reaction to the settlement was positive. Only one Class Member objected to the settlement, and the objection does not relate to the claims at issue in the case or the terms of the settlement. Only 17 Class Members, representing less than .5% of the Class, timely opted out.

13. The 17 Class Members who submitted timely Opt-Out Statements are hereby deemed to have opted out of the settlement and they are included on the list of opt-outs attached as Exhibit A to the Final Judgment.

14. 3 Class Members, Sheila Jimenez, Quran Holmes, and Andrew Lawson, submitted untimely Opt-Out Statements. These Opt-Out Statements are untimely and therefore invalid. Accordingly, Sheila Jimenez, Quran Holmes, and Andrew Lawson are Class Members and will not be treated as opt-outs. As such, they are not included in Exhibit A.

15. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

16. The Court has reviewed the individual releases for Plaintiffs Anthony Escobar, and Tonakia Mosha Evans, and Dianna Abramova, as well as the individual release for Declarant Steven Wilson, and finds them to be fair, reasonable, and enforceable under the FLSA and all applicable law.

17. The Court has reviewed the (i) class release contained in Section 4.1 of the Settlement Agreement and incorporated by the Settlement Checks, and (ii) release of attorneys' fees and costs in Section 4.2 of the Settlement Agreement, and finds them to be fair, reasonable, and enforceable under the FLSA, Rule 23, and all applicable law. The class release, the individual releases, and the release of attorneys' fees and costs reflect a fair and reasonable resolution of among other things, a bona fide dispute between the Parties over FLSA provisions.

18. The opt-in acknowledgments contained on the backs of the Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes, or negotiates his or her Settlement Checks. Each Qualified Class Member, regardless of whether such Qualified Class Member cashes, deposits, endorses, signs, or negotiates his or her Settlement Check(s), shall be bound by the release contained in the Agreement.

19. Class Members shall have six months from the initial mailing of the Settlement Checks to cash, deposit, or otherwise negotiate their Settlement Checks. Within thirty (30) days after the end of the six-month period, the Claims Administrator will apply any unclaimed funds to any unforeseen expenses and donate the remainder to City Harvest.

20. The Court approves and finds reasonable the payment of the Claims Administrator's fees from the settlement fund.

21. The Complaint and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members other than those listed in Exhibit A to the Final Judgment.

22. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the release set forth in Section 4.1 of the Settlement Agreement, as to all Class Members other than those listed in Exhibit A to the Final Judgment.

23. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs or the Class, individually or collectively, all such liability being expressly denied by Defendant.

24. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

**FURTHERMORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

25. Having reviewed Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting memoranda and declarations, the Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $291,666 which is one-third of the settlement fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

26. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $5,302.37, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

27. The Court approves and finds reasonable service awards for Named Plaintiffs Anthony Escobar, Tonakia Mosha Evans, and Dianna Abramova, and for Declarant Steven Wilson, in the amount of $5,000 each, in recognition of the services they rendered on behalf of the class. These amounts shall be paid from the settlement fund.

It is so ORDERED this 14th day of   February  , 2019.

*Vernon Broderick*

Vernon S. Broderick
United States District Judge